**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RALPHONZO MARTIN,** | ) | **CASE NO.  5:00 CV 2502** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **JULIUS WILSON, Warden,** | ) | **AND ORDER** |
| | ) | |
| **Respondent.** | ) | |

## I.  BACKGROUND

This matter comes before the Court on remand from the Sixth Circuit Court of Appeals.  *ECF Nos. 31, 34.*  This is the third *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 that Petitioner Ralphonzo Martin ("Petitioner" or "Martin") has filed with this Court.  The first petition (Case No. 3:91 CV 7483, ECF No. 1) was dismissed for failure to exhaust available state court remedies.  *Case No. 3:91 CV 7483, ECF No. 3; Case No. 5:00 CV 2502, ECF No. 17, Exh. U, District Court's Opinion and Order of Sept. 30, 1991,* at 475.  Apparently suspecting that permission was required before another petition could be filed, Martin requested leave from the Sixth Circuit.  The Sixth Circuit held that leave was not required

as the first petition was dismissed without prejudice for lack of exhaustion.[1]  *Case No. 3:91 CV 7483, ECF No. 29.*

Martin then filed his second petition (Case No. 5:00 CV 1750, ECF No. 1) which was again dismissed for lack of exhaustion.  *Case No. 5:00 CV 1750, ECF No. 6.*  Upon exhaustion of his state court remedies, Martin filed a motion for reconsideration.  *Case No. 5:00 CV 1750, ECF Nos. 10.*  This Court denied the motion and instructed Martin to file a new habeas petition if exhaustion was complete.  *Case No. 5:00 CV 1750, ECF No. 11.*  Nine days later, Martin filed the instant habeas petition.  *ECF No. 1* ("Petition").  This Court initially denied the petition as untimely.  *ECF No. 23.*  The Sixth Circuit vacated this Court's judgment in light of its decision in *Abela v. Martin,* 348 F.3d 164 (6th Cir. 2003) (en banc), *cert. denied,* 541 U.S. 1070 (2004), and remanded the case for further proceedings.[2]  *ECF No. 31, Martin v. Wilson,* No. 03-4161, slip op. at 3 (6th Cir. Aug. 11, 2004) (unpublished opinion).  Upon remand from the Sixth Circuit, this matter was referred to Magistrate Judge William H. Baughman, Jr., for a report and recommendation.  *ECF No. 33.*

---

[1]After the denial of his first petition (and before his appeal to the Sixth Circuit) Martin filed a motion for reconsideration with the district court (Case No. 3:91 CV 7483, ECF No. 5).  The motion was referred to a Magistrate Judge for a report and recommendation.  *ECF No. 6.*  The Magistrate Judge recommended that the petition be dismissed <u>on the merits</u>.  *Case No. 5:00 CV 2502, ECF No. 17, Exh. T, Magistrate's Report and Recommendation of April 21, 1992,* at 468-472; *Case No. 3:91 CV 7483, ECF No. 17.*  The district court subsequently dismissed the petition, however it is unclear whether the court adopted the Magistrate Judge's findings on the merits.  *See Case No. 3:91 CV 7483, ECF Nos. 19.*

[2]In concluding that this Court improperly dismissed Martin's petition as untimely, the Sixth Circuit recognized that this Court did not have the benefit of *Abela* which was issued more than two months after the denial of Martin's habeas petition.  *ECF No. 31, Martin v. Wilson,* No. 03-4161, slip op. at 3 (6th Cir. Aug. 11, 2004) (unpublished opinion).

In a thorough opinion, the Magistrate Judge examined Martin's claims and recommended that the petition be denied on the merits.  *ECF No. 35, Report and Recommendation* ("R&R"), at 35.  Martin filed objections to the Magistrate Judge's Report and Recommendation.  *ECF No. 37* ("Objections").

## II.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal habeas court may grant an application for a writ of habeas corpus on behalf of a state prisoner only where a claim adjudicated on the merits in state court:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Maples v. Stegall,* 427 F.3d 1020, 1025 (6th Cir. 2005) (quoting 28 U.S.C. § 2254(d) (1996)).  A state court decision is contrary to clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases "or if the state court decided a case differently than did the Supreme Court on a set of materially indistinguishable facts."  *Lopez v. Wilson,* 426 F.3d 339, 342 (6th Cir. 2005); *Hutchison v. Bell,* 303 F.3d 720, 728 (6th Cir. 2002); *Gimotty v. Elo,* 40 F. App'x 29, 31 (6th Cir. 2002) (unpublished opinion).  A state court decision involves an unreasonable application of clearly established Federal law if "'the state court identifies the correct governing legal rules from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular prisoner's case' or if the state court extends a Court precedent to a context where it should not apply, or fails to

-3-

extend it to a context where it should apply."  *Miskel v. Karnes,* 397 F.3d 446, 451 (6th Cir. 2005) (citing *Williams v. Taylor,* 529 U.S. 362, 406-09 (2000)).  In deciding whether a state court decision is "contrary to" or an "unreasonable application of" clearly established Supreme Court law, this Court may only look to the "holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision" and may not look to lower federal court decisions.  *Doan v. Brigano,* 237 F.3d 722, 729 (6th Cir. 2001) (quoting *Taylor,* 529 U.S. at 412; *Herbert v. Billy,* 160 F.3d 1131, 1135 (6th Cir. 1998)), *abrogated on other grounds by Wiggins v. Smith,* 539 U.S. 510 (2003).

Federal courts "will not review questions of federal law decided by a state court if the decision of that court rests upon a state law ground that is independent of the federal question and adequate to support the judgment."  *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  Applied to the habeas context, the doctrine of procedural default acts to bar federal review of federal claims that a state court has declined to address because of the petitioner's noncompliance with a state procedural requirement.  *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  "In these cases, the state judgment rests on independent and adequate state procedural grounds."  *Coleman*, 501 U.S. at 730.

If the district court concludes that the State prisoner has procedurally defaulted his federal claims in state court, federal review is barred unless the prisoner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 749; *Bousley v. United States*, 523 U.S. 614 (1998).

Demonstrating "cause" requires showing that an objective factor external to the defense impeded counsel's efforts to comply with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Demonstrating "prejudice" requires showing a wrong "infecting" the trial with constitutional error. *United States v. Frady*, 456 U.S. 152, 168 (1982).

In the absence of cause and prejudice, federal courts are prohibited from reviewing issues that are procedurally defaulted unless the petitioner shows that his conviction is the result of a fundamental miscarriage of justice.  A fundamental miscarriage of justice is a conviction of one who is "actually innocent." *See Coleman*, 501 U.S. at 750; *Murray*, 477 U.S. at 496.  The Supreme Court requires the petitioner to demonstrate not merely a reasonable doubt in light of new evidence, but rather that "it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  The petitioner fails to meet his burden if "at least one juror, acting reasonably and properly instructed would have found" him guilty. *Fairchild v. Norris*, 51 F.3d 129, 130-31 (8th Cir.), *cert. denied*, 515 U.S. 1182 (1995); *Schlup*, 513 U.S. at 329.

The Sixth Circuit has established a four-step analysis to determine whether a claim has in fact been procedurally defaulted. *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).  The Court must determine (1) whether the petitioner failed to comply with an applicable state procedural rule; (2) whether the state courts actually enforced the state procedural sanction; (3) whether the state procedural bar is an "adequate and independent" state ground on which the State can foreclose federal review; and if the above are met, (4) whether the petitioner has demonstrated cause and prejudice, or a fundamental miscarriage of justice. *Id.*  In determining whether a state court rested its holding on procedural default so as to bar federal habeas review,

-5-

the Court must look to "the last explained state-court judgment." *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991) (quoting *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)).

## III.  ANALYSIS

The Court will address only those claims that were not adequately addressed by the Magistrate Judge and those objections that warrant further attention.

As a result of the death of Oliver Gracy and the shooting of Cleophus Fincher on May 21, 1988, Petitioner was indicted for two counts of aggravated murder, with a firearm specification on each count; one count of felonious assault, with a firearm specification and a prior aggravated felony specification; and two counts of aggravated robbery with a firearm specification and a prior aggravated felony specification on each count.  Petitioner was also charged with having a weapon while under disability, with a firearm specification and a prior crime of violence specification.  The underlying disability charged in this final count was a prior conviction of armed robbery.  *ECF No. 16, Exh. A, Indictment; State v. Martin,* No. 13954, 1989 WL 117279, at *1 (Ohio Ct. App. Oct. 4, 1989).  The indictment was joined with a 1977 indictment charging Martin with the unauthorized use of a motor vehicle and two counts of grand theft.  *Martin,* at *1.  The jury acquitted Martin of one of the aggravated murder charges, but found him guilty of the lesser included offense of murder, acquitted him of the charges in the 1977 indictment, and found him guilty on all other counts and all specifications in the 1988 indictment.  *ECF No. 16, Exhs. C, D.*

Attached to Martin's petition is an affidavit attesting to his indigency and a request for appointment of habeas counsel.  *ECF No. 1,* ("Petition"), at 7-9.  The Sixth Circuit

has held that counsel need not be appointed for an indigent federal habeas petitioner where the claim for relief is without merit. *Crawford v. Livesay,* No. 85-5725, 1986 WL 18112, at *3 (6th Cir. Oct. 30, 1986) (unpublished opinion); *see also* 18 U.S.C. § 3006A(a)(2)(B) (counsel may be provided for a financially eligible person seeking habeas relief whenever the court determines that the interests of justice so require); *Mira v. Marshall,* 806 F.2d 636, 638 (6th.Cir.1986) (decision to appoint counsel for federal habeas petitioner is within the discretion of the court, and appointment is mandatory only where the interests of justice or due process so require). As the circumstances of this case do not warrant the appointment of counsel, Petitioner's request for attorney representation is denied.

## A. Limiting Instruction on Prior Record

In his first claim for relief, Martin argues that the trial court erroneously denied his request to bifurcate the prior felony specifications alleged in the indictment and to determine the existence of the specifications outside the presence of the jury. *ECF No. 1, Attach. 1, Mem. Supp. Petition,* ("Petr's Br."), at 1-6. The Magistrate Judge correctly found this claim to be without merit as the trial court granted this motion and determined the existence of the specifications at sentencing. *R&R,* at 27; *TR.,* at 118-19, 846. Martin also alleges that the specifications should have been deleted from the face of the indictment, *Petr's Br.,* at 5, but does not offer any persuasive argument that the failure to do so violates clearly established Supreme Court law. Indeed, there is no evidence that the trial court read the indictment to the jurors or provided them with a copy.[3] The trial judge did instruct the jury to make relevant findings with

[3]The trial transcript does not include a printout of the jury *voir dire* or any statements made by the trial court to the jury when it was impaneled, *see TR.,* at 134, 139; accordingly, it is possible that the indictment was read to the jury at this time. However, petitioner does not allege that the impaneled jurors were read the contents of the indictment (including the prior conviction

-7-

respect to the *firearm* specifications charged in the indictment, but did not mention a word about the prior felony specifications. *TR.,* at 832-33, 836 (Jury Charge).

        Martin also claims that the trial court improperly admitted evidence of a prior conviction at trial. *Petr's Br.,* at 4, 10. Although Martin correctly notes that a journal entry of a 17-year old conviction for armed robbery was admitted into evidence, the prior conviction was admissible to prove that Martin possessed a weapon while under disability as alleged in Count Six of the indictment. *See State v. Twyford,* 763 N.E.2d 122, 143 (Ohio 2002) (prior conviction for violent felony is an essential element of the offense of possessing a weapon while under disability); *State v. Workman,* No. 53581, 1988 WL 35272, at *3 (Ohio Ct. App. Mar. 24, 1988) (unreported) (evidence of prior conviction admissible to prove that element of the offense of carrying a weapon while under disability); *Atkins v. Foltz,* No. 87-1341, 1988 WL 87710, at *3 (6th Cir. Aug. 24, 1988) (unpublished opinion) (questions relating to the admissibility of prior convictions in state courts are governed by state rules of evidence); *see also State v. Covington,* No. 17205, 1996 WL 12654, at *2 (Ohio Ct. App. Jan. 10, 1996) (unreported) (nineteen-year old conviction is not "stale" for purposes of weapon under disability charge). As this evidence was relevant to prove an element of the offense, namely that Martin was convicted of a felony offense of violence, *see* Ohio Rev. Code § 2923.13(A)(2), it was admissible under Ohio law.[4]

---

specifications) and the record before this Court suggests that they were not.

    [4]The Court notes that the trial judge also instructed the jury that in order to find Martin guilty of the charge of grand theft dealing with the property of Carnell Hatcher, it must first determine whether the state proved beyond a reasonable doubt that Martin had a prior conviction for armed robbery. *TR.,* at 831 (Jury charge). Ohio courts have held that for purposes of Ohio Rev. Code § 2913.02(B), a prior theft offense is an element of the offense of grand theft and must be demonstrated beyond a reasonable doubt. *State v. Mitchell,* Nos. 67490, 67491, 1996 WL 695665, at *3 (Ohio Ct. App. Dec. 5, 1996); *State v. Crawford,* No. CA-1003, 1992 WL 207044, at *2 (Ohio Ct. App. Aug. 20, 1992). As Martin does not raise this instruction as error, the Court will

While Martin claims that his due process rights were violated because evidence of his prior conviction was admitted into evidence "without pretrial consideration of [the conviction's] validity or . . . effect," *Petr's Br.,* at 4, he does not provide any evidence that the prior conviction is infirm or was improperly used as an element of the charge against him.

Martin argues that the state did not give him sufficient advance notice of its intent to use the conviction at trial in violation of state law. *Petr's Br.,* at 7-8 (citing Ohio R. Evid. 609(B)). However, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire,* 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990)). In any event, Rule 609(B) applies only to the use of a prior conviction for the purpose of attacking the credibility of a witness.

Martin also claims that the state presented to the jury a newspaper article concerning his prior conviction. *Objections,* at 12. However, the exhibit list included in the record does not reveal that a newspaper article was introduced into evidence as an exhibit, and Martin does not indicate when such an article, if any, was presented to the jury.

Martin further alleges that the trial court erred in failing to give an unrequested curative instruction regarding his prior conviction. *Petr's Br.,* at 7. As the evidence of Martin's prior conviction was admissible under Ohio law, a curative instruction was not required. To the extent Martin predicates error on the failure to give a limiting instruction, he did not object to this omission at trial, and raised this claim for the first time in his petition for post-conviction relief. *ECF No. 17, Exh. V,* at 485. The state post-conviction court denied the petition "for the reason that the Defendant has not produced sufficient evidence to demonstrate that there was a

---

not address it further.

denial or infringement of his rights." *ECF No. 17, Exh. W* (Decision of Summit County Court of Common Pleas).  After the denial of his post-conviction petition, Martin filed a motion in the trial court arguing that the court had not made required findings of fact and conclusions of law in denying his petition.  The trial court noted that it did not receive certain affidavits and evidence to which Martin referred and granted Martin additional time to file these materials.  Martin explained that he did submit this evidence with his petition; however, in response to the trial court's order, Martin re-submitted his post-conviction petition with the requested material attached.  *See ECF No. 17, Exh. X*; *see also id.* at 509 (raising trial court's omission of limiting instruction as error).  The trial court construed this filing as a second request for post-conviction relief and denied the petition.  *ECF No. 17, Exh. Y,* at 523; *see also, ECF No. 17, Exh. HH,* at 741-742 (discussing confusion regarding re-submission of petition); *ECF No. 31,* at 2 (same). The state court held that the allegations as a whole were "insufficient," defendant did not show that his constitutional rights were violated, and that the claimed errors by the trial court "having been previously raised or those issues that could have been raised in the direct appeal are barred from reconsideration under the res judicata doctrine." *Id.* at 524-25.

Under Ohio law, all claims that were known or should have been known by the defendant at the time of trial or direct appeal must be raised on direct appeal from the judgment of conviction. Ohio provides an avenue of relief, namely post-conviction review, for those claims that were unknown, or could not reasonably have been known, to the defendant until after the judgment of conviction.  Ohio's post-conviction relief statute, O.R.C. § 2953.21, has long been interpreted to bar post-conviction consideration of any issue that was fully litigated before the judgment of conviction or on direct appeal from that judgment, or of any issue that could

have been fully litigated before judgment of conviction or on direct appeal but was not.  *See State v. Perry,* 10 Ohio St.2d 175 (1967), syllabus para. 7; *State v. Combs*, 100 Ohio App.3d 90, 98 (1994).  The *Perry* court stated:

> Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*Perry* at syllabus para. 9.  Under *Perry*, the doctrine of *res judicata* has been consistently applied by Ohio state courts to bar consideration of federal claims that were not timely asserted in state court proceedings.  *Morales v. Coyle*, 98 F.Supp.2d 849, 860-61 (N.D. Ohio 2000); *see, e.g., State v. McGuire*, No. CA2000-10-011, 2001 WL 409424, at * 10 (Ohio Ct. App. Apr. 23, 2001); *State v. Twyford*, No. 98-JE-56, 2001 WL 301411, at *4 (Ohio Ct. App. Mar. 19, 2001).  Further, this state procedural bar has routinely been observed by federal courts reviewing habeas petitions and is roundly deemed an independent and adequate state ground foreclosing federal habeas review.  *See, e.g.*, *Byrd v. Collins*, 209 F.3d 486, 521 (6th Cir. 2000); *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004).  Consequently, if the record shows that the state courts actually enforced the *Perry* rule, the habeas petitioner must show cause and prejudice for the procedural default, or a fundamental miscarriage of justice, in order for this Court to review the issue on the merits.

The last reasoned state court judgment on this claim was rendered by the trial court on review of Martin's "second" request for post-conviction relief.  The post-conviction court expressed no opinion as to which claims "could have been raised" on direct appeal, and

therefore did not clearly enforce the state procedural rule to bar Martin's claim regarding the omission of an instruction.  *Abela v. Martin,* 380 F.3d 915, 921 (6th Cir. 2004) (state court must enforce state procedural rule to bar claim); *Bowling v. Parker,* 344 F.3d 487, 498 (6th Cir. 2003) (U.S. Supreme Court has held that the mere existence of a basis for a state procedural bar does not deprive a federal court of jurisdiction where the state court does not rely on the procedural bar as an independent basis for its decision).  In *Bowling,* however, the state court both noted the procedural default and went on to consider the merits of the defendant's claim.  *Id.*

Although a federal habeas court may hear an otherwise procedurally barred claim where the state court does not invoke its own procedural rule and proceeds to address the merits, this Court cannot infer the Ohio court's willingness to ignore its own procedural bar especially where the state court did not rely on federal law in dismissing Martin's post-conviction petition. *See Webster v. Engle,* 721 F.2d 566, 568 (6th Cir. 1983) (state court judgment that defendant had not alleged a "substantial constitutional question" is "simply too vague and ambiguous" to infer that state court ignored its own procedural bar).  The Court finds that the instant claim is procedurally defaulted.  *See Simpson v. Jones,* 238 F.3d 399, 407-408 (6th Cir. 2000) (finding that the requirement that the state court "clearly and expressly" state that its judgment is based on a state procedure rule applies only when a state court judgment rests primarily on federal law or is interwoven with federal law).

Habeas review is therefore barred unless Martin can demonstrate cause for the default and actual prejudice, or a fundamental miscarriage of justice.  As cause for the default, Martin argues that he was represented by the same counsel at trial and on appeal.  *Objections,* at 29.  Ineffective assistance of counsel can constitute cause for procedural default.  *Munson v.*

-12-

*Kapture,* 384 F.3d 310, 316 (6th Cir. 2004).  To establish ineffective assistance, Mitts must show

that counsel's performance fell below an objective standard of reasonableness and that there is a

reasonable probability that, but for counsel's deficiency, the outcome of the proceedings would

have been different.  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing

*Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

　　　　　For the reasons set forth below, *see infra* footnote 7, the Court finds that Martin

has not demonstrated ineffective assistance of counsel in failing to request a curative instruction

regarding Martin's prior conviction.  Martin also alleges actual innocence in his objections to the

report and recommendation, *Objections.* at 27, but does not present any new evidence in support

of this conclusory allegation.  Accordingly, Martin has not demonstrated cause for his procedural

default of this claim.[5]

---

[5]Nevertheless, out of an abundance of caution, the Court will consider in the alternative the
merits of Martin's claim.  *See Scott v. Mitchell,* 209 F.3d 854, 873 (6th Cir. 2000).  "[I]t is not the
province of a federal habeas court to reexamine state-court determinations on state-law questions.
In conducting habeas review, a federal court is limited to deciding whether a conviction violated
the Constitution, laws, or treaties of the United States."  *Cooey v. Coyle,* 289 F.3d 882, 902 (6th
Cir. 2002) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)).  Martin is not arguing that the
trial court applied Ohio law incorrectly; rather, he claims that the omission of a limiting instruction
deprived him of a fair trial.  *Petr's Br.,* at 7.

　　　　A petitioner alleging error in a jury instruction must
　　　　establish not only that the instruction was undesirable or
　　　　erroneous, "but that it violated some right which was guaranteed
　　　　to the defendant by the Fourteenth Amendment." *Cupp v.
　　　　Naughten,* 414 U.S. 141, 146, 94 S.Ct. 396, 38 L.Ed.2d 368
　　　　(1973). The issue is "whether the ailing instruction by itself so
　　　　infected the entire trial that the resulting conviction violates due
　　　　process." *Id.* at 147, 94 S.Ct. 396. *See also Henderson v. Kibbe,*
　　　　431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977) (lack of
　　　　a particular instruction must impugn fundamental fairness of trial).

　　　　The starting point for this due process analysis is whether
　　　　the petitioner was erroneously deprived of a jury instruction to
　　　　which he was entitled under state law. *Davis v. Strack,* 270 F.3d

> 111, 123 (2d Cir.2001); *see Barker,* 199 F.3d at 876.  In
> determining whether a petitioner was entitled to a defense under
> state law, federal courts must defer to state-court interpretations of
> the state's laws, so long as those interpretations are themselves
> constitutional. *Davis,* 270 F.3d at 123 n. 4.

*Gimotty v. Elo,* 40 F. App'x 29, 32 (6th Cir. 2002) (unpublished opinion); *Miskel v. Karnes,* 397 F.3d 446, 453 (6th Cir. 2005) (habeas court must defer to state court's interpretation of its own rules of evidence and procedure).  Under Ohio law, "[t]he trial court's failure to give an instruction limiting the scope of evidence admissible for one purpose but inadmissible for others is not a ground for reversal *when no such instruction was requested*."  42 Ohio Jur.3d 392, Evidence and Witnesses § 165 (2003) (emphasis added); *see also* Ohio R. Evid 105 ("When evidence which is admissible as to one party or for one purpose but not admissible as to another party of [sic] for another purpose is admitted, the court, upon request of a party, shall restrict the evidence to its proper scope and instruct the jury accordingly.").  The Ohio Court of Appeals has interpreted Rule 105 to require a defendant to request a limiting instruction directing the jury to consider his prior conviction only to establish an element of the offense charged.  *State v. Curtis,* No. 9-02-11, 2002 WL 31250286, at *4 (Ohio Ct. App. Oct. 8, 2002) (defendant charged with having weapons while under disability).  It does not appear from the record that defense counsel requested such an instruction from the trial court, either at the time of the charge to the jury or otherwise.  Accordingly, the trial court was not obligated, under Ohio law, to give a *sua sponte* limiting instruction in this case.

    Martin has not shown that the trial court's omission of a limiting instruction restricting the jury's consideration of his prior conviction is contrary to, or an unreasonable application of, clearly established Supreme Court law.  "[A]n improper jury instruction will rarely justify reversal of a criminal conviction when no objection has been made at trial, . . . and an omitted or incomplete instruction is even less likely to justify reversal, since such an instruction is not as prejudicial as a misstatement of law."  *United States v. Turner,* No. 92-6381, 1993 WL 300562, at *6 (6th Cir. Aug. 4, 1993) (unpublished opinion) (quoting *United States v. Christian,* 786 F.3d 203, 213-14 (6th Cir. 1986), in turn quoting *United States v. Hook,* 781 F.2d 1166, 1173 (6th Cir. 1986)).  In *Spencer v. Texas,* 385 U.S. 554, 561 (1967), the U.S. Supreme Court held that the state's introduction of the defendant's prior convictions for purposes of establishing that the defendant was a habitual criminal under state law did not violate due process where the defendant's interests were protected by limiting instructions and by the trial court's discretion to limit or exclude the admission of particularly prejudicial evidence even though admissible under an accepted rule of evidence.  The Sixth Circuit has interpreted *Spencer* to require limiting instructions, even if not requested by the defendant, where the defendant is charged under a state habitual offender law and evidence of a prior conviction is presented to the jury.  *See Dawson v. Cowan,* 531 F.2d 1374 (6th Cir. 1976); *Evans v. Cowan,* 506 F.2d 1248 (6th Cir. 1974).  Other federal Circuits have not similarly construed *Spencer.  See, e.g., Christian v. Housewright,* 721 F.2d 240, 242 n.4 (8th Cir. 1983) ("[W]e are not convinced that *Spencer* mandates a limiting instruction where the failure to do so results in harmless error only."); *Thomas v. Estelle,* 587 F.2d 695, 698 (5th Cir. 1979) (*absence* of limiting instruction at trial rendered case "sufficiently different to preclude the application of *Spencer*").  Disagreement among lower federal courts demonstrates that the rule a petitioner might seek to apply is not clearly established Supreme Court law.  *See Worden v. McLemore,* 110 F. App'x 482, 485 (6th Cir. 2004) (unpublished opinion); *Tunstall v. Hopkins,* 306 F.3d 601, 611 (8th Cir. 2002) ("When the federal circuits disagree on the application of [Supreme Court precedent] . . .

-14-

it is difficult to say the [state] court's decision is contrary to, or involved an unreasonable application of, clearly established [Supreme Court law]").

In *Old Chief v. United States,* 519 U.S. 172, 174 (1997), the U.S. Supreme Court held that a district court abuses its discretion when it rejects a defendant's offer to stipulate to a prior conviction for purposes of 18 U.S.C. § 922(g)(1) and instead admits the full record of a prior judgment, if the name or nature of the prior offense increases the risk of a verdict tainted by improper considerations and the purpose of the evidence is solely to prove the defendant's status as a convicted felon. *See also United States v. Daniel,* 134 F.3d 1259, 1260 (6th Cir. 1998) (discussing *Old Chief*). Some Ohio courts have since applied *Old Chief* in the context of a defendant's offer to stipulate to a prior conviction that represents an element of an offense charged. *See e.g., State v. Henton.* 700 N.E.2d 371, 375 (Ohio Ct. App. July 14, 1997) (trial court abused its discretion in rejecting defendant's offer to stipulate to existence of a prior conviction and allowing the prosecution to present evidence of two prior convictions solely to prove the element of an offense); *State v. Totarella,* No. 2002-L-147, 2004 WL 473382, at *5-7 (Ohio Ct. App. Mar. 12, 2004) (citing *Old Chief* and holding that the trial court erred by including the name and nature of defendant's prior convictions in the defendant's stipulation). *But see, e.g., State v. Jordan,* No. 73453, 1999 WL 257808, at (Ohio Ct. App. Apr. 29, 1999) (distinguishing *Old Chief*). *Old Chief* stated that evidence of the name or nature of the prior conviction generally carried a risk of unfair prejudice to the defendant, and that risk will be substantial "whenever the official record offered by the Government would be arresting enough to lure a juror into a sequence of bad character reasoning. Where a prior conviction was for a gun crime or one similar to other charges in a pending case the risk of unfair prejudice would be especially obvious . . . ." *Id.* at 185. However, the Court noted that "a prior offense may be so far removed in time or nature from the current gun charge and any others brought with it that its potential to prejudice the defendant unfairly will be minimal." *Id.* 185 n.8. Nevertheless, *Old Chief* does not govern this claim. Federal habeas courts must deny relief that is contingent upon a rule of law not clearly established at the time the conviction became final. *Williams v. Taylor,* 529 U.S. 362, 380 (2000); *see also Teague v. Lane,* 489 U.S. 288, 310 (1989) ("Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced."); *In re Green,* 144 F.3d 384, 387 (6th Cir. 1998) (*Old Chief* announced a new rule of criminal procedure and does not fall into either of the two *Teague* exceptions); *Fryer v. United States,* 243 F.3d 1004, 1011 (7th Cir. 2001) (*Old Chief* is a new rule of criminal procedure and does not fall into either of the exceptions articulated in *Teague*). Martin's conviction became final in 1989, seven years before *Old Chief* was decided. Furthermore, it is unclear whether defense counsel offered to stipulate to Martin's status as a convicted felon. *Compare TR.,* at 113 *with TR.,* at 115, 641; *see also TR.,* at 842 (trial judge referring to the prior conviction as something that was "stipulat[ed]"). Even if he did, at the time of Martin's conviction, the circuit courts of appeals were sharply divided in their treatment of a defendant's attempt to exclude evidence of the name and nature of a prior conviction that functioned as an element of an offense charged. *See Old Chief,* 519 U.S. at 177-78. Furthermore, under Ohio law at the time of Martin's conviction, neither the state nor the trial court was required to accept a defendant's offer to stipulate to his status as a convicted felon. *State v. Smith,* 589 N.E.2d 454, 456-57 (Ohio Ct. App. July 25, 1990) (where a previous conviction is an element of an offense, the state must prove the prior conviction beyond a reasonable doubt, and neither the state nor the trial court is required to accept a defendant's stipulation as to the existence of the conviction); *State v. Thompson,* 546 N.E.2d 441, 443 (Ohio Ct. App. Mar. 23, 1988) (trial court is not required to accept a defendant's stipulation as to the existence of a prior conviction). At that time, the State could prove a prior

Martin also predicates error on his counsel's failure to request a curative instruction following the admission of evidence of his prior conviction. *Petr's Br.,* at 13. This claim was raised for the first time in the Ohio Supreme Court on post-conviction review.[6] *ECF No. 17, Exh. CC, Appellant's Mem. Supp. Jurisdiction,* at 645. The Ohio Supreme Court

---

conviction by providing a certified copy of the entry of judgment in such prior conviction as well as evidence sufficient to identify the defendant named in the entry as the offender in the case at hand. *See State v. Owens,* Nos. 14068, 93-CR-214, 1994 WL 683395, at *3-4 (Ohio Ct. App. Nov. 30, 1994). Defense counsel stipulated to the identity element. *TR.,* at 641-42. Although it does not appear that the trial court instructed the jury as to the identity stipulation, Martin does not raise this as error.

Martin argues that the jury found him guilty on the basis of his prior conviction and used the prior conviction to support the forbidden inference of criminal propensity. *Objections,* at 10, 12-13. It is true that the nature of the prior conviction (armed robbery) is identical to two of the offenses charged in the 1988 indictment. *See Petr's Br.,* at 19-20. Although it would have been better for the trial court to give a limiting instruction as to the prior conviction, the Court cannot find that the omission of such an instruction was reversible error. The evidence was clearly admissible and no request for an instruction was made by defense counsel. *See Mackey v. Russell,* 148 F. App'x 355, 361 (6th Cir. 2005) (unpublished opinion) (lack of instruction limiting consideration of prior bad acts evidence is not reversible error since evidence was admissible and no such instruction was requested). The trial court's charge as a whole made it clear to the jury that Martin was on trial for the pending charges, and not because of any general propensity to commit crimes. *See generally TR.,* at 805-45; *see also Turner,* at *6. There was no extensive discussion at trial of Martin's prior conviction for armed robbery. The prosecutor mentioned the armed robbery conviction during opening and closing arguments in the context of the weapon under disability charge, *TR.,* at 152, 739, and the trial judge briefly mentioned the armed robbery conviction in its general charge to the jury, and only when instructing the jury on those offenses for which the prior conviction was an element. *TR.,* at 827, 831. A journal entry of the conviction was then provided to the jury. The trial judge also instructed the jury to "consider each count and the evidence applicable to each count separately." *TR.,* at 833 ("[S]tate your findings as to each count uninfluenced by your verdict as to any other count of either indictment."). The fact that the jury acquitted Martin of the two grand theft charges supports the finding that the failure to give a limiting instruction did not deprive Martin of a fair trial. *ECF No. 16, Exh. D.* Furthermore, the government presented enough witness testimony to sustain Martin's convictions without the jury considering his criminal history. *See United States v. Snyder,* No. 97-6058, 1998 WL 863763, at *6 (6th Cir. Nov. 23, 1998). In sum, Martin has not shown that the failure to give a limiting instruction regarding his prior conviction – an instruction which is not required by state law absent a request by counsel – rendered his trial fundamentally unfair.

[6]In his post-conviction petition before the Ohio Court of Appeals, Martin argued that counsel "never tried to lessen the impact" of his prior conviction. *ECF No. 17, Exh. Z,* at 543. However, he did not specifically argue that counsel failed to request a limiting instruction regarding the prior conviction.

-16-

declined to exercise jurisdiction over the case and dismissed the appeal as not presenting a substantial constitutional question. *ECF No. 17, Exh. DD.*  For the reasons previously discussed above, *see supra,* at 12, this claim is procedurally defaulted.  Habeas review is therefore barred unless Martin can demonstrate cause for the default and actual prejudice, or a fundamental miscarriage of justice.

As cause for the default, Martin claims that he had the same counsel at trial and on appeal, and counsel cannot be expected to raise his own ineffectiveness on appeal. *Objections,* at 29.  However, this fact does not explain why Martin, who filed his post-conviction petition *pro se*, could not have raised as error counsel's failure to request a curative instruction in the court of common pleas or the Ohio Court of Appeals on post-conviction review.  In fact, he managed to raise as error the trial court's failure to give a *sua sponte* limiting instruction in his post-conviction petition before the trial court.  *See ECF No. 17, Exh. V,* at 485; *Exh. X,* at 509. As previously stated in this Opinion, Martin also alleges actual innocence in his objections to the report and recommendation, but does not present any new evidence in support of this claim. Accordingly, Martin has not demonstrated cause for his procedural default of this claim.[7]

_____

[7]Even were this claim not defaulted, it would not be well-taken.  Claims of ineffective assistance of counsel are analyzed under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, Martin must establish that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's deficiency, the outcome of the proceedings would have been different. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Strickland*, 466 U.S. at 694).  As to the "prejudice" prong, the Supreme Court has stated that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland*, 466 U.S. at 694).

Defense counsel might have had a sound reason for not requesting a limiting instruction regarding the 1971 conviction. *Ashe v. Jones,* No. 98-1324, 2000 WL 263342, at *6 (6th Cir. Feb. 29, 2000) (unpublished opinion) (stating that counsel may have decided, as part of a reasonable trial strategy, not to request an instruction limiting the jury's consideration of the prior bad acts evidence based on the belief that such an instruction would bring undue attention to the other acts); *Ferguson v. Knight,* 809 F.2d 1239, 1243 (6th Cir. 1987) (limiting instructions "inevitably invite

Petitioner also argues that counsel failed to object to the admission of his prior conviction and failed to request an *in camera* hearing to allow him to challenge the admission of evidence regarding his prior record. *Petr's Br.,* at 6, 9, 10. However, as previously indicated, this evidence was admissible under Ohio law and defense counsel was not required to make a meritless objection to its admission. *See Ashe v. Jones,* No. 98-1324, 2000 WL 263342, at *4 (6th Cir. Feb. 29, 2000) (unpublished opinion).

Furthermore, it was not error for defense counsel to fail to object to the prosecutor's remarks during opening and closing argument regarding his prior conviction. *Petr's Br.,* at 8, 13. The prosecutor mentioned Martin's prior conviction in the context of the weapon under disability charge, *TR.,* at 152, 739, and the jury was warned by both the prosecutor and the trial judge that counsel's comments during opening and closing argument were not

---

the jury's attention to matters the defendant normally prefers not to emphasize"); *Stamps v. Rees,* 834 F.2d 1269, 1276 (6th Cir. 1987) (failure to request jury admonition concerning permissible use of evidence of prior convictions did not constitute ineffective assistance "as it is quite evident that . . . counsel simply wanted to get past the prior convictions as quickly as possible without bringing undue attention to them"). Martin was convicted of ten counts of armed robbery in 1971. *See TR.,* at 110-12. His trial counsel strenuously objected to the admission of all ten counts in order to minimize the prejudice against his client, and succeeded in having only one count admitted into evidence. *TR.,* at 113, 116. It was therefore reasonable trial strategy to avoid any calling any further attention to this prior conviction which was only briefly mentioned at trial. Defense counsel did not request, as he could have, that the name or nature of the prior conviction be withheld from the jury, and that the jury be told only that Martin was convicted for a prior felony of violence. However, at the time of Martin's conviction the State was not required to accept a defendant's stipulation regarding his status as a convicted felon. *See supra* footnote 5.

While it is peculiar that counsel did not request an instruction limiting the jury's consideration of Martin's prior conviction, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Burger v. Kemp,* 483 U.S. 776, 789 (1987) (quoting *Strickland,* 466 U.S. at 689). A review of counsel's performance must be highly deferential and requires the Court to "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Monzo,* 281 F.3d at 579 (quoting *Strickland,* 466 U.S. at 689). Accordingly, Martin has not shown that his counsel was ineffective for failing to request the jury instruction.

-18-

evidence, *TR.,* at 139, 735, 811.

Martin further argues that counsel never informed him that he was allowing the state to present evidence of his past record,  *Petr's Br.,* at 14, and filed a motion "encouraging" the state to inform the jury of his prior conviction, *Objections,* at 18.  Martin also raises some egregious accusations (without any proof) that counsel conspired with the state to obtain a conviction against him.  *Petr's Br.,* at 18; *Objections,* at 18-19.  However, in his supplemental *pro se* brief filed on direct appeal, Martin acknowledged that counsel informed him that the prosecution could present evidence of his past record as he was charged with carrying a weapon under disability.  *ECF No. 16, Exh. H,* at 145.  Furthermore, a review of the record reveals that counsel did not "encourage" the state to introduce evidence of his prior conviction; rather, counsel advocated strongly on behalf of his client to prevent the state from introducing evidence of all ten counts of the prior armed robbery conviction.

## B.  Prior Bad Acts

Martin also raises objections to two instances of prior acts testimony.  During trial, a witness testified that he was involved in an altercation with some security guards which resulted in some shots being fired by the guards.  *TR.,* at 708.  The prosecutor asked the witness the following question: "[I]sn't it true that [you told me and others] that [petitioner] suggested that the two of you go out and return the shots?"  *Id*. at 708-09.  An objection by defense counsel was overruled.  *Id*. at 709.  The witness testified that petitioner told him to return the shots.  *Id*. at 709.  A motion for mistrial was denied.  *Id*. at 727-28.  This claim was raised on direct appeal and denied on the merits.  The Ohio Court of Appeals held that the trial court could reasonably

-19-

conclude that the testimony was introduced to impeach the witness's credibility[8] and not to prove

that Martin acted in conformity with a violent character. *ECF No. 16, Exh. K, Decision of Ohio*

*Court of Appeals,* at 174. The court of appeals also found that the admission of the evidence did

not violate Rule 403. *Id.* at 175.

           Ohio courts have held that Rule 404(B) does not contain an exhaustive list of

purposes for which other acts evidence may be offered:

> "The admissibility of other acts evidence is carefully
> limited because of the substantial danger that the jury will convict
> the defendant solely because it assumes that the defendant has a
> propensity to commit criminal acts, or deserves punishment
> regardless of whether he or she committed the crime charged in the
> indictment. This danger is particularly high when the other acts
> are very similar to the charged offense, or of an inflammatory
> nature,     * * *."
>       Although both R.C. 2945.59 and Evid.R. 404(B) carefully
> limit the admissibility of other acts evidence, neither the statute
> nor the rule contains an exhaustive list of permissible purposes for
> which other acts evidence may be offered. See *State v. Smith*
> (1990), 49 Ohio St.3d 137, 140, 551 N.E.2d 190 (noting that
> "Evid.R. 404(B) permits 'other acts' evidence for 'other purposes'
> including, but not limited to, certain enumerated issues"); *State v.
> Watson* (1971), 28 Ohio St.2d 15, 20-21, 275 N.E.2d 153 (stating
> that other acts evidence "was not inadmissible simply because it
> did not fall within the exceptions permitting introduction of prior
> acts specified in R.C. 2945.59"); see, also, *State v. Miller* (Oct. 14,
> 1993), Meigs App. No. 92CA496. Rather, other acts evidence
> generally is admissible if the evidence does not otherwise violate
> the general rule against propensity evidence.

*State v. Bloomfield,* No. 03CA2720, 2004 WL 307467, at *3 (Ohio Ct. App. Feb. 17, 2004)

---

[8]The Magistrate Judge stated that the witness "had testified that Martin had no involvement
in an altercation he had with security guards in Atlanta." *R&R,* at 28-29. This is not entirely
accurate. The prosecutor's proffered reason for introducing evidence about Martin's involvement
in the shooting was to impeach the witness who, in the prosecutor's recollection, previously
testified that he had never known Martin to have any involvement with a gun. *TR.,* at 727-28; *see
also TR.,* at 678-79 (testifying that he never saw Martin with a gun when Martin was staying with
him).

(citations omitted); *State v. Taylor,* Nos. CA97-10-110, CA97-10-111, 1998 WL 761673, at *6 (Ohio Ct. App. Nov. 2, 1998) ("When used for proper purposes, [other acts] evidence may be admitted if relevant under Evid.R. 401 and not excluded under Evid.R. 403.").

Petitioner argues that the State's only rationale for admitting this evidence (and the additional other acts evidence discussed below) was to show motive and to portray him as an individual with criminal propensities.  He argues that the jury could draw the inference that he was previously involved with weapons and was a bad person.  *Petr's Br.,* at 8-9.  Even if this evidence was erroneously admitted under state law, Martin has not shown that its admission rendered his trial unfair.  *Smallwood v. Johnson,* 73 F.3d 1343, 1348 (5th Cir. 1996) (violation of state procedural rules are cognizable on habeas only if the trial is by them rendered fundamentally unfair); *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003) (habeas relief may be warranted where a state court evidentiary ruling is so egregious that it results in a denial of fundamental fairness).  The Court does not find that the admission of this evidence had a substantial or injurious effect or influence on the jury's verdict.  *See Ford v. Curtis,* 277 F.3d 806, 811 (6th Cir. 2002).

The second "other acts" testimony objected to by Martin involves testimony that he was chased by a gang.  *Petr's Br.,* at 8, 13.  The Magistrate Judge has adequately addressed this issue, *see R&R,* at 28-30, and the Court finds that the testimony did not deprive Martin of a fair trial.[9]

---

[9]It is also not clear whether defense counsel objected to this testimony.  Counsel made an objection immediately before this statement was made, *see TR.,* at 462-63, but did not object after the specific testimony on the gang-chasing was introduced.  He later moved for a mistrial based on the testimony, which motion was denied. *TR.,* at 731.  Nevertheless, the Court does not find that the admission of this evidence deprived Martin of a fair trial.

-21-

Martin also predicates error on counsel's failure to request a curative instruction regarding the other acts evidence. *Petr's Br.,* at 13. This claim was raised for the first time in the Ohio Supreme Court on post-conviction review. *ECF No. 17, Exh. CC, Appellant's Mem. Supp. Jurisdiction,* at 645. The Ohio Supreme Court declined to exercise jurisdiction over the case and dismissed the appeal as not presenting a substantial constitutional question. *ECF No. 17, Exh. DD.* For the reasons previously discussed in this Opinion, *see supra* page 12, this claim is procedurally defaulted and Martin does not establish cause for the default, *see supra* page 17.

Petitioner refers the Court to a state court decision that requires the trial judge to give a limiting instruction, even where none is requested, when evidence of similar acts is admitted under Ohio Rev. Code § 2945.59. *Petr's Br.,* at 7 (quoting *State v. Crafton,* 239 N.E.2d 571, 575 (Ohio Ct. App. July 31, 1968) (failure to give limiting instruction is error requiring new trial). To the extent Martin claims as error the trial court's failure to give a *sua sponte* curative instruction to the introduction of his prior bad acts, *see Petr's Br.,* at 10, he failed to raise this error at trial, on appeal or at any time during the state court proceedings. For the reasons previously stated in this Opinion, Martin does not establish cause for the default of this claim. *See supra* page 17. To the extent Martin claims ineffective assistance of counsel as cause for this default, he does not demonstrate deficient performance, *see supra* note 7, or resulting prejudice.

In his third ground for relief, Martin argues that his counsel was ineffective for failing to raise several errors on appeal. The underlying errors which form the basis of this claim were previously addressed and rejected in this Opinion. It is unclear whether Martin predicates error on counsel's failure to argue that the trial court erred in failing to give a limiting instruction

-22-

on the two instances of other acts evidence.  *See Petr's Br.,* at 16.  To the extent he is making this argument, it is procedurally defaulted.  None of the ineffective assistance of appellate counsel claims raised by Martin throughout the state court proceedings were premised on this asserted error.  Furthermore, Martin does not show cause for this default.

In his fourth claim for relief, Martin argues that Fincher perjured himself on the witness stand by testifying that the government did not make any promises to him in exchange for his testimony against Martin.  *Petr's Br.,* at 22.  The Court has thoroughly reviewed the transcript of Fincher's trial testimony and has not found any instance where Fincher made such a statement.   Furthermore, Martin does not show that Fincher was offered anything in exchange for his testimony.  He merely speculates that it is "inconceivable" that Fincher was not offered something from the State in exchange for his testimony.  *Id.*

### IV.  CONCLUSION

The Court has reviewed the record and the relevant case law, and for the foregoing reasons **ADOPTS** the Magistrate Judge's overall conclusion that Martin's application for habeas corpus should be denied **(ECF NO. 35)**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster* **2/27/2006**
**Dan Aaron Polster**
**United States District Judge**

-23-